{¶ 36} I concur with the majority decision and opinion. I write separately to address the issue brought up in Judge Hoffman's partial dissent, which indicates that he would affirm based on the rule of the presumption of regularity, which I would be unwilling to apply in this manner to the case sub judice. Here, despite the good faith efforts of both appellant's and appellee's trial attorneys to supply 9(C) statements in the absence of an available transcript, the trial court's Reconciliation Statement simply states that it had received the "necessary evidence" to make an equitable division of property, and states nothing at all regarding any evidence on the children's best interests concerning the allocation of parental rights and responsibilities. Thus, unlike the dissent, I find partial reversal warranted based on the insufficient wording of the trial court's reconciliation statement and underlying decree of divorce. R.C. 3105.171(G) mandates that a court ordering a division of property "shall make written findings of fact that support the determination that the marital property has been equitably divided * * *." Similarly, although not requiring written findings per se, R.C. 3109.04(B)(1) mandates that a court "shall take into account that which would be in the best interest of the children." Under the circumstances of this case, I conclude these inadequacies in the trial court's decision are not cured by relying on the presumption of regularity.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed, in part, and reversed, in part, to the extent that it orders a division of property and debt between appellant and appellee and allocates parental rights and responsibilities. The matter is remanded for further proceedings consistent with this opinion. Costs assessed 50% to appellant and 50% to appellee.